## Kemp Estate

*James F. Marx*, for accountants.

*DeLong, Dry & Binder*, for exceptants.

MUTH, P. J., July 15, 1959.—Exceptions have been filed by Elizabeth Hoppes and Earl Boone to the adjudication upon the account of Charles Wasser and Harlen Wasser, executors of the estate of decedent, said adjudication being dated April 25, 1959. These same exceptants on March 19, 1959, filed exceptions to the account and proposed distribution as filed, raising the failure of the accountants to account for income from real estate and excepting also to the proposed distribution. We shall consider and dispose of both sets of exceptions in this opinion.

The exceptions mentioned present for consideration four questions, viz:

"1. Is a personal representative of a decedent's estate duty bound to collect rent for the occupancy of real estate which is subject to an option to purchase by the occupant under the terms of the decedent's will?

"2. Is the devisee of an option to purchase real estate, under the terms of the decedent's will, liable for interest on the appraisement, which was the purchase price, when the same was paid promptly after appraisement was ordered by the Court and made pursuant to said order when no method was provided in the will for making the appraisement and the same was a matter of controversy until resolved by the Court on its own motion?" . . .

We shall consider the first two questions together, viz.: Were the accountants at fault in failing to collect rent for the occupancy of the real estate of this decedent or for failure to collect or pay interest upon the purchase price of the said real estate? Decedent in his last will and testament gives unto his executors, Charles Wasser and Harlen Wasser, the first option to purchase his real estate at an appraisement. Decedent in his will did not provide for a method of appraising the said real estate and a period of considerable time elapsed between the death of decedent and the exercise of the option contained in the will of decedent. As pointed out in our adjudication, this delay was caused partly by the failure of decedent to include in his will a provision for the necessary machinery for the appraisement of his real estate and partly also by counsel of the respective parties in interest in not taking some definite action to obtain an appraisement of the said real estate. In fact it was only upon the action of the court on its own motion that a proper appraisement of the real estate was obtained.

In addition, it must be remembered that a testamentary direction to sell, such as found in the will of

decedent, works a conversion from realty into personalty and the legatee, or in this case the optionee, takes by purchase: Miller v. Commonwealth, 111 Pa. 321; Shareff's Estate, 143 Pa. Superior Ct. 465. Obviously, therefore, the optionee is entitled to possession of the said real estate, subject, of course, to his obligation to pay the purchase price, or in this case the appraised valuation, but the occasion for the payment or collection of rent disappears and there remains only the question as to whether the optionee, who in this case is one of the accountants, was guilty of negligence in paying the purchase price or, in other words, completing the exercise of his option. As already mentioned, the exercise of the option, the appraisement and the completion of the sale of the real estate to the optionee, one of the accountants, was unduly delayed for the reasons aforementioned.

However, under the circumstances, we cannot contend that this delay was attributable to the optionee, Charles Wasser, particularly in view of the fact that as the result of the appraisement of the real estate in question by the court, the estate of decedent benefited to the extent of $2,575, being the increase of the appraisement ordered by the court over the valuation of the same real estate as set forth in the valuation and inventory as filed.

Exceptants offer, among other authorities, Henry's Estate, 341 Pa. 439, and Kohler Estate, 348 Pa. 55, in support of their exceptions. These authorities however are not applicable to the situation before us since they pertain to the question of the duty of the accountant to invest funds in his hands. The question before us is not the duty of the accountant to invest funds but the question: Did one of the accountants, Charles Wasser, unjustly or improperly hold from the estate funds which he should have included in the es-

tate? We must conclude that he did not. See Fleming's Estate, 184 Pa. 80. . . .

And now, to wit, July 15, 1959, the exceptions of Elizabeth Hoppes and Earl Boone to the accountants' proposed distribution as filed herein, dated March 19, 1959, as well as their exceptions to the adjudication in this estate, filed on May 5, 1959, are hereby dismissed and the adjudication aforementioned is confirmed absolutely.